IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-01523-CYC

MIKY BECKER CALDERON ROJAS,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center;
GEORGE VALDEZ,[1] Director, ICE Denver Field Office;
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security;
TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; and
TODD BLANCHE, Acting Attorney General of the United States,
all in their official capacities,

      Respondents.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Miky Becker Calderon Rojas, a detainee at the Aurora Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking

---

[1] George Valdez is substituted for Robert Hagan pursuant to Fed. R. Civ. P. 25(d).

habeas relief for immigrants detained within the United States under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). The petitioner seeks release or, in the alternative, a bond hearing. ECF No. 1 at 20.

The petitioner, a citizen of Colombia, has lived in the United States since he entered in 2022. *Id.* ¶¶ 1, 39, 56. As a result, he had been present in the United States for years before he was taken into custody by the Punta Gorda Police Department in February 2026. *Id.* ¶¶ 1, 40–41. After he was taken into custody, he was transported to the Everglades Detention Center and then to the Aurora Contract Detention Facility and has been detained there since. *Id.* ¶¶ 1, 8, 13. Immigration authorities have indicated that he is ineligible for a bond hearing because he must remain detained pending the outcome of his removal proceedings. *Id.* ¶¶ 60, 71. The petitioner argues that he is entitled to a bond hearing under 8 U.S.C. § 1226, and the respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, they maintain that he is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 9 at 2–5.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305,

2

1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality Act. ECF No. 1 ¶¶ 26–36, 52–58. The Court has previously resolved this legal question in favor of a similarly situated petitioner. *Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree with that ruling." ECF No. 9 at 2. The Court remains firmly convinced that it and other judges in the District have addressed this issue have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the respondents contend that the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), makes a difference, *see* ECF No. 9 at 2–3, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to continue to adhere to the weight of authority in this District. *See Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026). The respondents also reference the Eighth Circuit's recent decision in *Avila v. Bondi*. 170 F.4th 1128 (8th Cir. 2026) and decisions of "a court in this district, and some district courts . . . that have agreed with [their] interpretation of the statute." ECF No. 9 at 3. But they present no argument why these non-binding decisions require the Court to reverse itself on this legal question. Indeed, they concede that "until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to

reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. at 3. And having reviewed the cited decisions, the Court finds no reason to reverse itself. Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and his continued detention without a bond hearing is therefore a violation of due process.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 20. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

4

(3) the respondents shall file a status report within **seven days** of the petitioner's bond

hearing, stating whether he has been granted bond, and, if his request for bond was

denied, the reasons for that denial.

Entered and dated this 4th day of May, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge